Good morning. May it please the Court, I'm Alan Rolnick, representing the appellants who were plaintiffs below. Eight months before the order of dismissal, that is, the order on appeal, a status conference was held. The second amended complaint had been sustained as legally sufficient. The Court had expressly found that standing had been adequately alleged and by the Court's own terms, a boatload of discovery had occurred over the defendant's objection. You've got a technical term, boatload. Did you bring in boats? We did not. It was all pretty much electronic. It was data matching of the records kept in MSP, the plaintiff's databases, and Mercury's records because this case is about recovery under the MSP Act for secondary payments made by an MAO where the primary payer was a property and casualty insurer, Mercury. These are claims that arise out of auto accidents. I think we know that and your time is short. It would be helpful to me if you could concentrate. At that status conference, plaintiffs asked for... I understand that you talked about amended complaint and the District Court said he wants to do that after the class action or at the time of the class action and he brought it up at the class action. I think we all know all that. All right. Thank you, Your Honor. We thought we were going... The question is, I mean, do you have standing? Yes. It seems like the District Court ultimately said no. Whether the District Court said that or not, we have to evaluate it, standing. So what's your best argument for why you have standing? I think our best argument, Your Honor, is that what the District Court did was improper. It had two choices if it wanted to decide standing. In a case where standing is inextricably bound up... But your argument there seems to be that Rule 56 applies. Either Rule 56 or a full-blown evidentiary hearing should have been held under this Court's decision in safe hand. And your main problem seemed to be that you didn't... The only difference between if this had been a summary judgment proceeding or not is that you didn't get a reply brief. But you could have asked to file a reply brief. So I think it's more productive to just talk about the merits of the issues, i.e. I'll be glad to do that, Your Honor. Okay. State Fair says that this judgment below had to be reviewed by a summary judgment standard. That means that the order on appeal... Okay, but let's say we get to the merits. Why do you have standing? You have a problem with the assignments. We don't have a problem with the assignments. I'll take the expressly alleged claims of J.R. and D.M. in turn. J.R. was an enrollee of PMPI MAO when he was in a car crash and when the ambulance that took him to the hospital billed PMPI. Okay, so my understanding is Freedom had... That's a different claim, Your Honor. Oh, sorry. Go back. So here's the subsidiary issue, right? No. In J.R., there's two issues. They're both justiciable. Whether or not he was enrolled with PMPI when PMPI paid the bill for his ambulance transport to the hospital when the car accident occurred. I thought that the district court thought it was slightly different. The district court, when PMPI went out of business, this person enrolled with a similarly sounding named MAO that was called PCPI in January of 2015. If that doesn't present a justiciable question of fact as to whether he was actually enrolled with PMPI as we allege, and as the ambulance bill shows from October of 2014... And that is who had the assignment of rights. The entity is who had the assignment of rights. Correct. And the assignment from PMPI was an assignment that encompassed J.R.'s car accident. The other issue is a Scrivener's Error. The second amendment complaint said that the claim was owned by MAO MSO Recovery to LLC and omitted the words Series PMPI from that entity's name. That's a Scrivener's Error. Well, it's a little more than that. I mean, it's an entirely different entity, right? I mean, you acknowledge that it's not the same entity, and that's why you made the argument that a parent could raise the claims for a Series LLC. With respect, Your Honor, that entity doesn't exist. It was a typo. It's a Scrivener's Error. The entity's actual name is... Then why did you raise the whole subsidiary argument? If the entity doesn't exist, then there's no... And that's not this claim. That's the other claim, the one that you were talking about a minute ago. That's the DM claim. But the J.R. claim is... So there's no subsidiary issue with the J.R. claim? Uh-uh. There's just a misnomer in the complaint that described the owner of the claim incorrectly. That's a Scrivener's Error, easily corrected. It's one of the reasons why we asked for an amendment for deadline for amending eight months before this kerfuffle overstanding, when we were still on a track for class certification. Those are the two justiciable issues. This order can't possibly resolve them. A little to the side, but I'm curious. What class were you looking to certify? A class of what? A class of MAOs? A class of MAOs or downstream providers, or there are signs who possess recovery rights under the MSP Act for secondary payments. But not the beneficiary, not the individual beneficiary. No, no, because the beneficiary's expenses were paid. Okay. Go ahead. But let's just take a minute on the DM case. That claim is owned by a series LLC of MSPRC. And the question whether MSPRC has standing to sue on its behalf is a mixed question of law and fact. It requires a construction of the rights of the master LLC under Delaware law. One circuit court has specifically done that with respect to MSPRC, and that's the 11th Circuit in the Ace case, which expressly found that the formation documents for MSPRC gave it the right and the power. But that decision was under Delaware law. So how is that relevant to our standing in federal question jurisdiction, federal standing? I mean, Ned, the ---- It's whether the master series has the right to sue on behalf of its series LLCs is a question of Delaware law. It's a question of the laws of the state where the LLC is domesticated. And is there ---- should we be concerned that all of this, I think, was raised in a motion for reconsideration and not before the district judge when the standing briefing was provided? Well, we had no direction as to what the court was going to do with regard to standing. We were told ---- But you litigated these standing issues throughout the country in multiple cases, right? And wasn't the 11th Circuit case your client or similar? It was another one of these MAO, MSO entities. Yes. And that decision was resolved by the 11th Circuit. Well, the point is that so therefore why didn't you realize that you had to at least allege that the proper documents to demonstrate that, in fact, the entity had the right to ---- The cleanup complaint that we would have filed and will file after remand would say all of these things and address all of these questions, which arose during the pendency of this case. The dismissal here was without prejudice. You could just go ---- You could have just filed the case. We still can. We can start over again. All right. But that would prejudice ---- So is the problem a limitations period problem or what's the difference? I mean, why didn't you just the next day file the complaint over again? Or were you going to lose claims as a result? Because we made a substantial investment in the discovery in this case, which was obtained over ---- Well, but you could have used the discovery. I mean, what's the problem? Well, we would have to fight those issues all over again in a new case against Mercury. So it's not a limitations problem as a result? There could be a limitations problem because obviously there's a rolling limitations effect here, claims that ---- Let's put it this way. I fully expect if we filed or were to file a new action, we'd be litigating the limitations period because it would be one of the first issues that Mercury would raise. Mercury would say, no, your limitations period is a new action. Nothing relates back. It cuts off. So let's go back to the documentation on the ---- May I just say one thing about that, Your Honor? The order on appeal talked about prejudice to Mercury if the complaint is amended. There's prejudice to plaintiffs if the complaint is not allowed to be amended and this case doesn't go forward because we have to start over again. You're right. We could ask to use discovery that we had obtained in the prior action, which Mercury is still arguing can't be used because it was ostensibly shielded by settlement discussion privileges. There's issues that we will be fighting over again that were resolved in this case, just as we thought the standing issue was resolved in the case. And by the way ---- Well, you could file on ---- I mean, it's sort of spinach because you file on the same court, go back to the same judge, and whatever rulings he made about the discovery presumably he'd make again. But let me go back to the question of the fact that you didn't actually ---- I've used ---- I'm sorry to interrupt, but I see my time is running out. I know. I'd like to answer the question. I'd like to ask and answer a question. What I want to know is the document demonstrating the authority of the parent to sue for the series was not in the record at the time the standing decision was made. But did you allude to it or did you ---- I had a vague recollection that you read from it at the point during the hearing and standing. It was read into the record, Your Honor. Right. Okay. But like ---- how shall I say this? Instead of applying a Rule 56 standard and requiring ---- I don't really understand what the Rule 56 standard has to do with this. I don't understand it. I mean, the burden is still on the plaintiff even if the defendant moves for summary judgment because you have to establish standing. And the only difference I can see is that you would have gotten a reply brief. You did get a hearing. You got a ---- you didn't get a reply. You certainly could have asked to file a reply brief. You didn't. So I don't understand what the difference is. Well, the problem is that the standard applicable to what the court did is a Rule 56 standard. Its decision has to be unassailable as a matter of law. And every one of its factual findings represents a disputed question of fact. Under 12B1, for example, it does give rise to factual determinations. State fair says it does when standing is bound up with the merits. The question the Court asked us to brief was whether there's evidence showing an injury in fact by way of exemplars and whether this injury was caused by defendant's improper refusal to pay. That's a statement of the cause of action. That's not the standard for standing. That's true, it is, but that's not what we're talking about as to what he actually ruled on the merits. Well ---- The rulings on the merits did not go to the merits. I mean, it's really understanding he did not actually go to the merits. Well, I mean, the merits of J.R.'s case include whether or not he was enrolled with PMPI because PMPI claims to have, and the evidence shows that it did, get billed for and pay for the ambulance, among other things. It wasn't some other entity, and that's a live question in the record on a question of fact. Okay. We'll give you a little bit of time for rebuttal. Thank you. Thank you, Your Honor. Good morning, Your Honors. Jordan Altura, Paul E. Goodell-Greenfield on behalf of Mercury General and Mercury Insurance Group. There is a lot in this record to talk about, and there have been many issues raised. Well, there's really not that much, and it appears to me that this is a lot of angels dancing on heads of pins. I appreciate that, Your Honor, and the court went right to the point, and that's where I was going to begin as well. I absolutely agree that the standard the court applied is not necessarily the issue here. The issue here is that plaintiffs failed to meet their burden. This wasn't about unfairness or not having an opportunity. All right. So let's go through the details. Yes, ma'am. I don't remember. With regard to the Freedom House Trinity thing, where is the document that you're relying on with this language in the record? I couldn't find it. The document regarding the assignment? Yes. The document is the ... Let me describe it first, and I'm going to ask my colleague to get me the precise citation for that. But the document is an assignment agreement. I know what it is. And it says ... I know what it says, and there is a document that relates to the assignment, but it doesn't say that. So where is the one that does say that? So the one that's ... You're referring to the DM exemplar claim, correct, Your Honor? The DM exemplar claim is located at 7ER1116. 1116? Correct, Your Honor. Owned at the outset of the litigation by MSP Recovery 15-592 LLC. The assignment agreement for the Trinity claim that was in the record at the time the court dismissed this action did not provide for a transfer of recovery rights to the plaintiffs in this action. It assigned the reimbursement rights to Freedom. Freedom continued to own those rights. This wasn't a question of fact that needed to be resolved on a summary judgment standard. It was clear from the agreement itself. The court will see that for itself. It wasn't until after the case was dismissed on a motion for reconsideration that plaintiffs suddenly came up with an exhibit. At 1116, what I see is the assignment from Trinity to MSP Recovery. I don't see one from GSP to Freedom or whatever. That is the assignment agreement, Your Honor. I apologize. The participation agreement is the document that I believe the court would like to view, which is at 8ER1503. Okay, go ahead. That agreement explicitly stated that Freedom maintained the reimbursement, recovery, and subrogation rights. It wasn't until after the court had already dismissed the case that suddenly this new document appeared that was characterized as exhibit D1 to the agreement and that appellants argued actually did transfer the recovery rights. Well, the court declined to consider that evidence because Plaintiffs had had so many opportunities to demonstrate standing. I guess going back to Judge Berzon's earlier question, what difference does this make? Plaintiffs will presumably, if we remand, file their Third Amendment complaint. If we affirm, they'll file a new complaint and start again. Why are you concerned about that? We are concerned, Your Honor, because we litigated this case for almost four years based on allegations in a complaint that we did discovery on and that we addressed at the class. But why is it much more efficient for everybody if they just amend the complaint about this relative minutia stuff and go forward? We would disagree that the court's standing, that the trial court's power to hear a case is minutia. But it's not a power in the usual sense. It's not a usual Article III. It all turns on certain documents, one of which was not in the record but could have been, as to their right to sue. I mean, is your position that even if the document were in the record showing that they can sue on behalf of the series entities, that they still can't? Is that your position? Yes, Your Honor. That is our position. And why is that? Because it failed. Because the document that was in the record doesn't... No, I'm asking you whether... The document that plaintiffs wanted to add to the record after the fact does not actually... We would argue it doesn't transfer the power for them to proceed on those claims. And perhaps more fundamentally, Your Honor, federal jurisdiction and a party's right to invoke the court's jurisdiction should not be a game of whack-a-mole. And I hate to refer to a game we all hopefully remember as kids. But this happens in case after case after case with these plaintiffs. Hundreds of cases across the country. Judge Scudder in the Seventh Circuit Court of Appeals characterized this approach to litigation as abusive, as asserting claims without having done their due diligence. And I would encourage the court to review that decision because it is directly... The Eleventh Circuit said the opposite, basically. I would disagree. I'm not sure what decision... And the circuit said they can sue for the series entities, presumably with the same documents. Your Honor, I think that's a different question than what I'm referring to. I know. I understand that. And I don't think the series... What are different documents in the Eleventh Circuit? I don't know exactly what cases, what documents before the Eleventh Circuit decision where the court in the Eleventh Circuit said it was okay to proceed based on series. But I don't think that issue is dispositive here. Because the assignments here failed for other reasons having nothing to do with the series issue. And if I could take... Well, that seems to be true as the DM. I'm not sure that's true as to JR. It's also as to JR. Plaintiffs called it a Scrivener's Error. It's not a Scrivener's Error. It wasn't a party. The party in the case that plaintiffs alleged... Okay, but if they amend the complaint, they will change the name of the entity and nothing will change in terms of your burden in the case. I would respectfully disagree with that, Your Honor. What will change is we will now have a new party to explore standing about. We will have a new party to begin conducting discovery anew. And we will have learned that plaintiffs did not have the right to be in federal court for the past four years. Could you tell me what subsection, what section we were looking at in the... Now that I have found the... I mean, I should tell you that none of us could find it earlier. But this Freedom Health Trinity Agreement, what am I looking at? The court would give me a moment as well. You know which section it's in. I do not have that at my fingertips. I apologize. I'm going to ask my colleague if she finds it before I do. I can tell you that we had umpteen floor clerks looking for this and nobody found it. So maybe it's there, but where is it? Well, and I would argue that if it's not in the record, that that's a failure of proof. Again, and plaintiffs have failed to meet their burden. No, it's your failure of proof then. I mean, the district court relied on this. The district court relied on the original participation agreement that's currently in the record. You're talking about the Trinity Freedom Health. Right. The group participation agreement between Trinity and Freedom Health at 8 ER 1503. That's where we are. Yes, Your Honor. Yes. What section are we looking at? Oh, I see, Your Honor. I'm sorry. I misunderstood the court. So you're asking about the language that says that they transfer back to Freedom. And the court cited it as well, Your Honor. Subcontracting requirements. Well, maybe you should do it when you come back and rebuttal because we couldn't find it. If I may have a moment to come back on rebuttal, Your Honor, I will certainly find that evidence for the court. Yeah. Why don't you take a look and we'll call you up if you want. I was close to the end of my time anyway. Thank you, Your Honor. Okay. Thank you. We'll give you two minutes for rebuttal. Do you disagree with the district court's finding? Well, I know you disagree with the legal conclusion that the recovery rights remain with Freedom, right? You think that – It's an absurd and untenable construction. Okay. And what is – can you help us out? What is the provision in the contract that you say is absurdly constructed? We're looking for it. Everybody's looking for it. I'm so sorry. You weren't lying when you said it was a boatload of evidence. This was the court's term, and I think it's correct. Standing was sustained until it was unsustained. Counsel, it doesn't matter. I understand, Your Honor. I mean, even if he found standing, we'd still have to revisit it. The MSPRC's standing issue on behalf of its series LLCs was not even contested until – It doesn't matter. Tell us why you have standing now. You keep making all these other arguments. Well, we have standing because MSPRC does have the right and the power to sue on behalf of its series LLCs. And it all depends. Basically, it all depends on this one document that nobody can find right now. No, no. That's the Trinity Freedom issue. Right. Right. But both of those issues arise in the JR claim. The DM claim is the one with the Scrivener's error and the, I suppose, justiciable question of fact as to whether he was enrolled with PMPI or PCPI when he was in this car accident. I think you haven't crossed that, but I'm not sure. I think those are the two key questions in the record as to those two claims. The EH and SY Veramed claims, which were identified in data matching but couldn't be specifically alleged until that happened, they also have the series issue where MSPRC is the owner of those claims. If we were to follow the Seventh Circuit, do you agree that we would affirm the district court and you'd have to refile? Is this a question of whether we follow the Seventh or the Eleventh? No. The Seventh Circuit's ad hominem attacks, which are carried around like a talisman by Mercury and other PNC insurers, don't have anything to do with this case. I'm not sure they're ad hominem. The question is whether this is an appropriate way to be litigating. Well, MSPRC is in the nature of a collection agency. These are in the nature of collection agencies. And you still have to do your job. It's not fair to just dump a boatload of evidence and say it's in here somewhere. Well, that's what Judge Scudder sort of suggested. And these are cases where the critical facts are uniquely in the hands of the defendants, and those facts have to be pried out of the defendants' hands, which are holding onto them with a death grip. There would be no way to go forward in these cases on information that MSPRC can obtain publicly, largely because insurers like Mercury don't report to CMS. No different than every other standing case. You don't get to just bring a case and hope you have standing. You've got to figure it out before you file. Which is why DM and GR were specifically identified and alleged in the complaint at issue. And they were substantiated through the discovery. The only issues that we're looking at right now is whether or not MSPRC has the power and whether or not Trinity somehow reassigned back to Freedom. You don't have this provision that we're all looking for yet. We do. You do. I guess we found it. Can we, why don't we, somebody come up with the answer. Your Honor, it's at paragraph 3.23.1 of that document. 3.23.1. Coordination of benefits. Oh, recovery rates. There it is. There it is. And it's the last sentence of that paragraph where it says group physicians. Okay. That's okay. This is his rebuttal time. You pointed us to it. Thank you. Thank you. I appreciate. This is helpful to the court. We had it too. All right. This is a contractual provision dealing with recovery reimbursement or subrogation rights. It doesn't specifically. So your point is the district court just misinterpreted this. I mean, that's what we would have to say if we're going to rule in your favor. I believe that you could say that the district court concluded as a matter of law. Yeah, it did. That this was the only reasonable interpretation. That seems to be. And that's wrong. Okay. Yeah, that's wrong. Reasonable people could disagree and reasonable courts could disagree as to whether or not Trinity actually agreed to take on the risk of providing the covered services that Freedom was contracted with Medicare to provide but somehow didn't obtain the benefit of seeking reimbursement for the payments it was making. Why would Trinity have ever signed that agreement? No reasonable downstream provider would have signed that agreement, and that's not what it means. Okay. Thank you. Thank you. I guess we'll give a minute for a surrebuttal. Thank you, Your Honor. I appreciate that very much. 3.23.1, that's what you said. Yes, and the final sentence says that the group physicians, group hereby assigns and shall require group physicians, meaning Trinity, to assign to Freedom the plan all of Trinity's recovery, reimbursement, and subrogation rights. And I disagree with counsel respectfully that there be no reason for Trinity to enter this agreement. It doesn't really matter whether there's a reason. The question is what this means. It seems to mean what you're saying. On its face, of course it does, Your Honor. I agree. But the reason does matter, I respectfully would add, that the reason it matters is because this is a subcontractor. Trinity is a subcontractor, and it purchases a bucket, and it gets paid on a capitated basis. So it has been fully compensated for these claims. That's why it has no right to seek reimbursement or recovery. So this is the language. They hereby assign and shall require the group physicians to assign to planner groups and or group physicians recovery, reimbursement, or subrogation rights along with other benefits that may be payable with respect to a member. That is the key language, Your Honor. And even without that language, the court concluded that planners failed to show a transfer to Trinity. It was their burden. And I'll touch very briefly on SAFARE. SAFARE demonstrates exactly why the court's process was appropriate here. Whether or not an assignment gives a collection agency to seek recovery has nothing to do with the elements of a cause of action under the MSPS. Okay. I think we have your arguments, and the case is now submitted. Thank you, Your Honors.
judges: BERZON, NELSON, BADE